# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WOLFSPEED, INC.,

**Plaintiff,**

vs.

JAGUAR LAND ROVER LIMITED,

**Defendant.**

Case No.  1:26-cv-00098

## COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff Wolfspeed, Inc. ("Wolfspeed"), complaining of Defendant Jaguar Land Rover Limited ("JLR") alleges and says:

## INTRODUCTION

This is an action for breach of contract arising from JLR's failure to pay amounts due under an Assurance of Supply Agreement dated April 29, 2022, as amended on May 6, 2022 (together, the "ASA").  Wolfspeed accordingly brings this action to recover amounts due and owing under the ASA.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Wolfspeed, Inc. is a Delaware corporation with its principal place of business in Durham, Durham County, North Carolina.

2. Defendant JLR is organized under the laws of the United Kingdom, with its principal place of business in the United Kingdom.

3. There is complete diversity of citizenship between all plaintiffs and all defendants.

4. The amount in controversy is in excess of $75,000.00.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

1

6.      Venue is proper in the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this matter occurred in Durham. Specifically, Wolfspeed's headquarters resides and conducts its business in Durham; JLR knowingly directed its relevant conduct and communications towards Durham; and the relevant conduct and communications took place in Durham.

7.      This Court has personal jurisdiction over JLR because JLR purposefully availed itself of the privilege of conducting activities in North Carolina and Wolfspeed's claims against JLR arise out of those activities.

**BACKGROUND FACTS**

8.      Wolfspeed and JLR entered into the ASA effective April 29, 2022.  The ASA establishes that JLR and/or its suppliers will purchase Wolfspeed silicon carbide MOSFET die and that Wolfspeed will prioritize supply to JLR under its Assurance of Supply Program under defined allocation principles, particularly in circumstances of scarcity, and make capital improvements to support JLR's forecasted purchase volumes.

9.      As of January 2023, the ASA required JLR to pay an annual "Deposit," with each Deposit tied to a purchase shortfall remedy.

10.     Each year, if JLR's actual purchases fall below a designated minimum volume, Wolfspeed is entitled to a "Purchase Shortfall Payment."  The Purchase Shortfall Payment is JLR's payment obligation to Wolfspeed in circumstances where JLR buys too little product.

11.     Beginning in 2025, JLR refused to honor its obligations under the ASA.  Wolfspeed demanded that JLR honor its obligations under the ASA.

2

12. JLR contended its nonperformance was excused because of delays in qualifying certain parts to be supplied under the ASA. Upon information and belief, JLR is responsible for any delays in the part qualification process and cannot use those delays to excuse its nonperformance under the ASA.

13. Despite notice and Wolfspeed's request that JLR engage to resolve its breaches, JLR has persisted in nonpayment. JLR's refusal to pay the amounts due under the ASA constitutes a material breach of the ASA and has damaged Wolfspeed in an amount to be proven at trial, but in no event less than the contractually defined Deposits and Purchase Shortfall Payments identified therein, plus applicable interest and costs.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

14. Wolfspeed realleges and incorporates by reference the allegations of all of the foregoing paragraphs of the Amended Complaint.

15. The ASA is a valid and enforceable contract between Wolfspeed and JLR.

16. Wolfspeed performed its obligations under the ASA.

17. JLR breached the ASA by failing to pay the Deposits and Purchase Shortfall Payments required by the contract's forecast and volume assurance provisions.

18. As a direct and proximate result of JLR's breaches, Wolfspeed has suffered damages in an amount to be determined at trial but no less than the contractually defined Deposits and Purchase Shortfall Payments identified in the ASA, together with pre- and post-judgment interest as permitted by law.

<strong><u>SECOND CLAIM FOR RELIEF</u></strong><br>
<strong>(Breach of the Implied Covenant of Good Faith and Fair Dealing)</strong>

19. The ASA required the parties—and JLR's designated supplier—to use commercially reasonable efforts to qualify certain parts and to progress related development and transition activities.

20. JLR owed an implied duty of good faith and fair dealing not to frustrate Wolfspeed's rights to the benefits of the ASA, including the forecast/Deposit/Purchase Shortfall Payments framework and the agreed qualification pathways for certain parts.

21. JLR breached the implied covenant of good faith and fair dealing by, among other things, unreasonably delaying or failing to cause its designated supplier to initiate and progress part requalification/validation activities, and then attempting to leverage those delays to excuse or avoid JLR's independent payment obligations under the ASA's Deposit and Purchase Shortfall Payment provisions.

22. Wolfspeed has suffered damages as a result of JLR's conduct, including but not limited to unpaid Deposits and Purchase Shortfall Payments due under the ASA, in an amount to be proven at trial, together with pre- and post-judgment interest as permitted by law.

WHEREFORE, Wolfspeed respectfully requests the following relief:

A. An award of compensatory damages in an amount to be proven at trial;

B. The full measure of direct, indirect, consequential, incidental, and special damages to which Wolfspeed is entitled under all applicable law;

C. Wolfspeed's reasonable attorneys' fees and expenses; and

D. Any other and further relief that the Court deems just and proper.

4

This the 28th day of January, 2026.

/s/ Rebecca K. Lindahl

**KATTEN MUCHIN ROSENMAN LLP**
615 South College Street, Suite 1700
Charlotte, NC 28202-4123
Rebecca K. Lindahl (N.C. Bar No. 35378)
(704) 344-3141
rebecca.lindahl@katten.com
Michaela C. Holcombe (N.C. Bar No. 50780)
(704) 344-3074
michaela.holcombe@katten.com

*Attorneys for Plaintiff Wolfspeed, Inc.*

5