WOLFSPEED, INC.,

*Plaintiff,*

v.

JAGUAR LAND ROVER LIMITED,

*Defendant.*

Case No. 1:26-cv-98

## **DENIAL OF DEFAULT**

This matter comes before the Clerk of Court to consider Plaintiff's Motion for Entry of Default (Doc. 4).

Under Federal Rule of Civil Procedure 55(a), a clerk of court must enter a party's default if the requesting party shows that the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. "The clerk's function is not merely a perfunctory one. Before he can enter a default[,] he must examine the affidavits filed and satisfy himself that they meet the requirements of [Rule] 55(a)." *United States v. Herlong*, 9 F.R.D. 194, 195 (W.D.S.C. 1949). Default is proper only if there is a showing, by "affidavit or otherwise," that: (1) the party in question was properly served, (2) the time for a responsive pleading under Federal Rule of Civil Procedure 12 has elapsed, and (3) the party has not filed an answer or other responsive pleading. With some exceptions, an answer or other responsive pleading is ordinarily due

within 21 days of service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

Where it appears that plaintiffs "have never properly served the defendants, … neither entry of default nor entry of default judgment would be proper." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (quoting *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995)). The burden is on the movant to show that a defendant was properly served under Rule 4 before default or a default judgment can be entered. *See Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp. 2d 961, 963 (M.D.N.C. 2012) (Eagles, J.) (finding that the record was insufficient to determine whether a party was properly served for default judgment purposes but providing the movant an opportunity to supplement the record).

A foreign corporation can be served outside the United States in any manner prescribed by Rule 4(f) for serving an individual in a foreign country, except that personal delivery under Rule 4(f)(2)(C)(i) is not permitted. *See* Fed. R. Civ. P. 4(h)(2).

The complaint (Doc. 1) alleges that the Defendant is organized in the United Kingdom, where it has its principal place of business. The motion (Doc. 4) states that Plaintiff's attorney emailed a copy of the summons and complaint to the Defendant's in-house counsel without response. The motion then states that Plaintiff "engaged a UK-based processed [sic] server who effected personal service on April 2, 2026" but that the Plaintiff "has had difficulty obtaining proof of service in a format that complies with US service rules, but is informed and believes that [Defendant] was effectively served both by electronic and personal means."

There is no evidence that any of the means under Rule 4(f) have been properly utilized. Email alone is not an acceptable method of service under Rule 4(f) unless there is some showing that it is authorized by international law, foreign law, or, if not prohibited by international agreement, by court order. *See, e.g., Choi v. Kim*, No. 24-CV-6526 (JGK), 2025 WL 1883664 (S.D.N.Y. July 7, 2025), *reconsideration denied*, No. 24-CV-6526 (JGK), 2025 WL 3157742 (S.D.N.Y. Nov. 11, 2025); *Moonbug Ent. Ltd. v. ABDG Store*, No. 22-CV-2386 (RA), 2025 WL 1796242 (S.D.N.Y. June 30, 2025); *May v. Martin Fein Interest Ltd.*, No. 5:21-CV-83-M, 2023 WL 1873155 (E.D.N.C. Jan. 24, 2023), *recommendation adopted,* 2023 WL 1864859 (Feb. 9, 2023). No such showing has been made here. Further, the declaration (Doc. 4-1) accompanying the motion (Doc. 4) is lacking in detail about the non-electronic, "personal means" of service. It states that Plaintiff's counsel is "informed and believes" that the Defendant was "effectively served both by electronic and personal means," but it does not say how and whether it was authorized by Rule 4(f). If by "personal means" the Plaintiff means "personal delivery," this form of service is expressly prohibited by Rule 4(h)(2).

Plaintiff has not carried its burden of showing that the Defendant has been properly served. Since proper service has not been established, default is not proper.

**IT IS THEREFORE ORDERED** that Plaintiff's motion, Doc. 4, is **DENIED.**

Lawrence H. Cunningham
Clerk of Court

Dated: May 5, 2026
Greensboro, North Carolina